Morning, your honors. May it please the court. My name is John Papa. I'm here representing Joseph Hall, who's also president of the courtroom. This case is not quite as complicated as the cases of the courts heard earlier this morning. This is a Safety Appliance Act case. The jury made a factual determination and found that the Safety Appliance Act was violated by the Burlington Northern Railroad at the time of Mr. Hall's injury. This case deals with how the jury was instructed as to the damages that were involved. We've represented to the court that we believe the jury was misled into not awarding anything more than what was suggested as to the wage losses of Mr. Hall. We believe that the evidence is clear that the trial judge in this case was in error in determining what the factual basis for damages were. I've pointed out in the brief at pages 11 and 12 the various sections of the transcript that relate to the damages that were proven to the court and to the jury, but we believe that the jury was misled in that it appears quite clear that the jury only awarded a figure that represented Mr. Hall's claimed wage losses and by giving the generic FELA instruction, the trial judge erred and abused his discretion and that's the standard that he applied to himself after the case had been closed. We believe the case law is established that if a trial court fails to properly instruct a jury, that it is warranted to appeal that decision and we feel that there is sufficient statutory authority to support our position. Counsel, was it necessary for Mr. Hall to have offered a modified instruction in order to preserve that we had, your honor? I don't believe so. There was an alternative instruction that was a model Eighth Circuit instruction that was submitted after the initial generic FLA instruction was submitted, after we objected to it following the testimony in the case that supported giving the more detailed instruction. We submitted that instruction for the court, but the court laid out clear in his order denying our motion for new trial that there was insufficient evidence to support the allegations that we were suggesting in the specific instruction. Both instructions are, I believe, 18.70 of them Missouri model instructions. The way this developed, I believe. Well, can I ask this question for clarification? Is the difference in the instructions that that you are objected to or objected and raise on appeal, is the difference that the court's instruction omitted a reference or omitted the element of future pain and suffering? Is that what we're arguing about here? Certainly, that was something that was discussed at the time of the trial and was taken into consideration by the trial judge, yes, your honor. Well, is there anything else? What is the element of damage that you think the jury was not instructed on? The strongest element of damage a juror is not instructed on that there was evidence in the case of was the future pain, it was pain and suffering up to the date of the trial and then future pain and suffering as well, yes. You can proceed. I believe the way this transpired or happened is that both parties were instructed by the trial court to submit proposed instructions before the case even began and after the second day of trial with the jury selection and the testimony of the plaintiff given, the judge conducted a jury instruction conference at that time after the evidence had been submitted to the court relative to damages of Mr. Hall, both from Mr. Hall's testimony and from testimony of his surgeon, his nurse practitioner, and the records of both of those individuals that were submitted and made a part of the record before the was an element, a specific element of damages in the generic instruction that the court fell back on when he refused to give the modified version of 18.70 that was suggested by the plaintiff setting forth the various elements of damages that are allowed under the Safety Appliance Act and the Federal Employers Liability Act. We feel that Mr. Hall was clearly prejudiced as a result thereof. What we're seeking today is that this court fall in line with other courts that have determined that if a party is not given the opportunity to present a complete case and their theories of the case, we intend that in an FELA Safety Appliance Act case, one of the theories of the case is that a person is damaged as a result of some failure on the part of the railroad to provide a safe place to work. We feel that because the judge . . . Where would we find the evidence supporting the element of future pain and what was that evidence? The evidence will be found at pages 11 and 12 of our initial appellant's brief. It dealt with testimony given by both plaintiff and his surgeon as well as the nurse practitioner that provided a great deal of care and treatment to her and I've cited transcript references page in line in the in the brief. I'd like to reserve the rest of my time please. You may. Good morning. May it please the court. My name is Jeff Kennard. I'm here on behalf of BNS Railway Company, the appellate in this case. I think, well first off, I want to begin by stating that Judge Fenner last summer when we tried this case committed no error with respect to the theory of instruction. What he did certainly didn't constitute an abuse of discretion and we believe this court ought to affirm the judgment below. So the starting point where I'd like to begin is the eight circuits model instructions 15.70 which we have in our appendix. It's titled Damages, Injury to Employee. So this is part of section 15 of the model instruction. They apply to FELA cases which this was. And it states the law concerning the damages that can be awarded and I'll want to read the first paragraph. If you find in favor of the plaintiff then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff sustained. Any damages. It's a broad instruction. So there's been discussion in the briefs and there's been discussion today about specific versus generic instruction. Counsel, you've correctly stated the instruction but you would agree that those instructions are not law, isn't that correct? You're correct, Your Honor. The trial court is not bound to follow the instructions. What the court is bound to do is offer instructions or read of the state and I don't think Mr. Papa has argued, I don't think there's been any suggestion that this statement is somehow inconsistent with the law applicable to this case. But you are correct. So this distinction between a specific instruction versus generic, those are his terms. What Mr. Papa is arguing is that the court should have added two additional paragraphs to the instruction. But what he's saying is that the court should have added language that frankly would have narrowed the scope of what the jury would have been allowed to consider. The optional language, and again all of those paragraphs that are in 15.7, the comments make clear that those are optional provisions that the court may give at his or her discretion. But by including those, what the court is telling the jury is, all right, I told you just a second ago you could give all you can award the plaintiff all in any damages that you find the plaintiff sustained, limited to these. So what he's essentially saying is the court should have limited the instruction, which is counterintuitive and I think contrary to the point he's trying to make here today. Counsel, isn't the real problem here is that without a specific instruction saying that pain and suffering damages are permitted, that the jury could have understood that they were not allowed because of their instruction saying that they couldn't speculate? I don't believe that's the case, Your Honor. During the instruction conference, and the instruction conference here actually went over a period of a couple of days. As Mr. Papa pointed out, we submitted instructions very early on and coincidentally his proposed instruction substantially mirrored the language of the instruction that was actually read by judgment. But during the course of the conference, actually it was the after the second day after all of the evidence had been presented, we didn't object to him raising this issue at the time. But at the end of the second day and then carrying over to the third morning, we had this discussion about this. And Judge Fenner specifically found that based on the evidence presented by the plaintiff, there was insufficient evidence of future damages. And I would like to point this out. The refused instruction, which is in the appellant's appendix, there's two components to this. The first is the plaintiff incurred and is reasonably certain to occur in the future. That was the focus of your question, Your Honor. But I think it's important to point out the paragraph two, is the earnings the plaintiff has lost to date and the present value of earnings the plaintiff is reasonably certain to sustain in the future. So his proposed instruction, which as you pointed out a moment ago, he's required to do to preserve this objection, spoke directly to future economic damages, future lost wages. There was zero evidence at trial presented about future lost wages. None. And I think if you ask Mr. Papa in rebuttal, he'll acknowledge that. So if the court had accepted his proposed instruction and read it, the court would have erred because there was absolutely zero evidence of future lost income. So back to the question that you raised, Your Honor, during Mr. Papa's argument, he did fail to preserve this objection because when the court pointed out specifically there was a lack of evidence of future damages, including lost wages. This instruction was it was inappropriate. Now he could have modified it. He could have removed section two. He could have frankly removed paragraph one and maybe put some language in in the introductory paragraph speaking to future damage, but he didn't do so. I think, counsel, the reason that the waiver question is a bit difficult here is that it's clear that the district court was unnoticed that Mr. Hall was willing to accept a modified instruction on pain and suffering. So it's slightly different than maybe some of the case law in that he didn't offer a modified instruction and yet it was pretty clear that the court was unnoticed that they would have accepted. Understood. But I also believe it was his obligation to properly preserve the issue and before you today to argue that the court committed error to have presented an instruction that was appropriate and proper and that is not what he did in this case. For that reason, we think the court should be informed. My time is running short, so I'll just briefly hit on a couple of points that that we've talked about. When reviewing a I'm quoting this is a case that we didn't decide in our brief because it came out after we filed it, but it was the worst opinion in February of 2019. When reviewing a district court's refusal to adopt a proposed instruction, we consider a three-part test. One, the proposed instruction must correctly state the applicable law. Two, it must address matters not adequately covered by the charge. And three, it must involve a point so important the failure to give the instruction seriously impaired the party's ability to present an effective case. He has to demonstrate prejudice. Now, when you read the discussion that occurred during the instruction conference, Judge Fenner made it abundantly clear to plaintiff's counsel that he had free reign to argue damages however he wanted, bound of course by the evidence that was presented. And he did make arguments. He spoke to pain and suffering, including what he had incurred before and what was continuing to incur. He talked about his lost wages, talked about the fact that his body had hardware in it. All of that was fair game. Now, if he had started to go beyond and begin to argue, for example, that there would be lost future wages without any evidence to support that, it would have been my job to object, but he didn't. But the point is, he had free reign to argue whatever he wanted with respect to damages. And the fact that he did not do so or chose to do so in a particular way is not BNSF's fault. It's not the court's fault. That is how the jury came to its conclusion based on the instruction and his argument. So we believe, again to quote Worcester, the jury was well informed about the issues involved in the case and nothing in the jury instructions, including the very broad instruction number 13, the damage instruction, precluded Mr. Hall from fairly presenting or arguing his claims. He has not established prejudice. The district court said that I do not believe the evidence is sufficient to support a claim of future damages. Now, I think I understood that at least part of the claim here by the appellant is that the evidence was sufficient to support the element of future pain and suffering. And counsel has referred to pages 11 and 12 of his brief, which describes, kind of generally describes testimony from Dr. Jameson and nurse practitioner Tripp. If we go to the transcript, are we going to see, what are we going to see from that testimony? Are they going to, is there testimony that arguably would support future, the element of future pain and suffering? Is there testimony? The answer is yes, Your Honor. It was neither one of those witnesses testified live. It was deposition testimony. So are there references to things that might happen in the future? Is he going to continue to hurt? Yeah. Was there expert opinion testimony within a reasonable degree of certainty? No. And Judge Fenner pointed that out. There was no expert, medical expert testimony sufficient to submit that issue to the jury. So the direct answer to your question is yes, there are some words. And how was, you had a doctor, you had a nurse practitioner, was this an examining doctor? It was the, the first one was the Well, I don't believe that the magic questions were asked to establish true medical expert opinion testimony. I think that bothered Judge Fenner. It's not on the record. I can't cite you to anything that Judge Fenner said. I'm out of time, Your Honor. Do you want me to? You can go ahead. But I believe that is what troubled Judge Fenner. But also, I also believe that the proposed instruction which specifically addressed future lost earnings, again, which there was absolutely no evidence, also troubled. So his comments, yes, if you look at it very narrowly, he was referring to this. But it was, I believe his intent, it was broader than just focusing on the pain and suffering element. It was also focused on the lost wage element. Unless you have any other questions, I'll take my seat. All right. I think not. All right, you have two minutes. Your Honors, I would ask the court to review the closing arguments of the party's attorneys in this case. You will find that it was as truncated an argument as I think I've ever given in a case because of the instructions of Judge Fenner that he wasn't going to allow certain types of evidence into the case. Future, past, both. So please look at that. You'll also see that counsel for the railroad indicated, and I'm going from memory now, and I believe this case was tried two summers ago, not last summer. But as I asked the jury that if they were going to give anything to the plaintiff, just give him his lost wages, $35,000. And that just happened to be the amount of the verdict in the case. We feel that that's much more than a mere coincidence. But it shows that the jury did not consider any damages about which they were not given particular instructions or that they heard arguments from the plaintiff. Thank you, Your Honors. Thank you, counsel. We appreciate your arguments. This morning, case is submitted. You may stand aside. Please call the next case. The next case for argument this morning is United States v. Ryan Lescombe. Thank you.